**ORIGINAL**

Approved: _[signature]_  **19MAG11686**
DEREK WIKSTROM
Assistant United States Attorney

Before:  THE HONORABLE SARAH L. CAVE
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - X
                                  :
UNITED STATES OF AMERICA          :   **COMPLAINT**
                                  :
        - v. -                    :   Violation of
                                  :   18 U.S.C. §§ 922(g)(1)
MICHAEL FALU,                     :   and 924(a)(2)
                                  :
                                  :   COUNTY OF OFFENSE:
        Defendant.                :   NEW YORK
                                  :
- - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

DAVID FUSCO, being duly sworn, deposes and says that he is a Special Agent with the United States Attorney's Office for the Southern District of New York, and charges as follows:

COUNT ONE
(Felon in Possession)

1. On or about September 20, 2019, in the Southern District of New York, MICHAEL FALU, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess ammunition, to wit, fourteen 9mm Luger rounds and one round of .40 caliber ammunition, which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

2. I am a Special Agent with the United States Attorney's Office for the Southern District of New York and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law

enforcement agents, witnesses and others, as well as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my participation in the investigation, my conversations with other law enforcement officers and officers from the United States Probation Office ("Probation"), my review of documents and other records, and my training and experience, I have learned the following, in substance and in part:

a. On or about May 7, 2013, MICHAEL FALU, the defendant, pled guilty in the United States District Court for the District of Maine to one count of conspiracy to distribute Oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and one count of possession with intent to distribute Oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On or about September 4, 2013, FALU was sentenced on those charges to 48 months' imprisonment to be followed by three years of supervised release (the "2013 Sentence").

b. On or about September 3, 2016, while serving the 2013 Sentence, FALU failed to return to the Bronx Residential Reentry Center in the Bronx, New York, where he was serving his sentence. On or about March 21, 2017, FALU pled guilty in the United States District Court for the Southern District of New York to one count of escape, in violation of 18 U.S.C. §§ 751(a) and 4082(a). On or about May 9, 2017, FALU was sentenced on that charge to four months' imprisonment to be followed by three years of supervised release (the "2017 Sentence").

c. On or about August 14, 2017, supervision of FALU commenced in connection with the 2013 Sentence and the 2017 Sentence, with a scheduled termination date of on or about August 13, 2020. The terms of supervision stated that FALU must not "own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon" and that FALU must "refrain from any unlawful use of a controlled substance."

d. While under supervision, FALU resided in New York, New York ("Address-1"). Pursuant to the terms of his

3

supervision, FALU is subject to periodic home visits and is required to keep Probation apprised of his home address.

   e. On or about November 1, 2019, during a periodic home visit, the Probation Officer responsible for FALU's supervision ("PO-1") observed what he believed to be narcotics packaging materials and paraphernalia on a dresser in FALU's bedroom at Address-1.

   f. After the November 1, 2019 home visit, PO-1 obtained a search warrant for FALU's residence at Address-1.

   g. On or about November 14, 2019, PO-1, other Probation Officers, and officers of the New York Police Department, conducted a search of FALU's residence. During the search, the officers found, among other things, fourteen 9mm Luger rounds and one round of .40 caliber ammunition inside two shoeboxes in FALU's bedroom.

  4. Based on my training and experience, my communications with other law enforcement agents, and my review of a report prepared by a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives who is familiar with the manufacturing of firearms and ammunition, I have learned that the ammunition found in the bedroom of MICHAEL FALU, the defendant, was not manufactured in New York State.

  WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of MICHAEL FALU, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

_____
DAVID FUSCO
Special Agent
United States Attorney's Office
Southern District of New York

Sworn to before me this
___ day of December, 2019

_____
THE HONORABLE SARAH L. CAVE
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK